UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND;

                Plaintiffs,      **COMPLAINT**

-against-      17 Civ.

SCHUYLKILL COUNTY TRANSPORTATION
AUTHORITY,

                Defendant.
------------------------------------------------------------X

Plaintiff Building Service 32BJ Health Fund ("Fund"), by its attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Schuylkill County Transportation Authority ("Schuylkill") respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund for monetary and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Fund when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Fund and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendant in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust Fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ Service Employees International Union, ("Union"), to invest and maintain those monies, and to distribute health insurance benefits to those employees eligible to

receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

   5.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, NY 10011,, in the City, County, and State of New York.

   6.  Upon information and belief, at all times material hereto Defendant Schuylkill was and continues to be a public entity doing business in the State of Pennsylvania as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Scuylkill is party to a series of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Schuylkill became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the units set forth in the Agreements with Union. Upon information and belief, Schuylkill's primary place of business is located at 252 Industrial Park Road, Saint Clair, Pennsylvania 17970.

## AS AND FOR A FIRST CLAIM FOR RELIEF

   7.  The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.

   8.  Schuylkill's employees were covered by collective bargaining agreement with Local 32BJ from July 1, 2012 through November 30, 2015. The Fund conducted its required payroll compliance audit of Schuylkill covering the audit period June 1, 2013 through June 30, 2015.

Following revision of the initial audit findings, the audit reported findings of $3,875.04 in unpaid benefit contributions on behalf of employee Debra Haney for the months of September, 2014 through January 1, 2015, during which said employee was eligible for benefits under the collective bargaining agreement.

9. In addition to the audit findings set forth above, Schuylkill is liable for deficiencies in its regular monthly contributions on behalf of its other employees in the principal amount of $2,728.77 for the months of June, 2013 and June through September, 2014.

10. To date, none of the contributions contractually due to the Fund has been paid by Scuylkill, although the contributions have been duly demanded and the Fund has been damaged in the principal amount of $6,153.81 for all unpaid benefit contributions

11. The failure, refusal or neglect of Schuylkill to make the required contributions to plaintiff Fund constitutes a violation of the Agreement between Defendant and the Union with respect to which the Fund is a third-party beneficiary.

12. Accordingly, Defendant Schuylkill is liable to the Fund for benefit contributions in the amount due for the periods set forth above..

## AS AND FOR A SECOND CLAIM FOR RELIEF

13. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

15. Upon information and belief, at all times material hereto, Schuylkill failed to pay and submit the required monetary contributions and reports to the Fund when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section

515 of ERISA (29 U.S.C. § 1145). Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Fund, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Schuylkill is liable to the Fund for the payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE,** plaintiff Fund demands judgment:

a. against Defendant for payment of all past due contributions in the amount of $6,153.81;

b. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

c. against Schuylkill for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g);

d. for such other and further relief as the Court deems just and proper.

Dated: November 8, 2017

                                                       *RAAB, STURM & GANCHROW, LLP*
                                                       *Attorneys for Plaintiff*

By: _____
                                                   Michael Geffner (MG 6785)
                                                   2125 Center Avenue, Suite 100
                                                   Fort Lee, New Jersey 07024
                                                   (201) 292-0150
                                                   mgeffner@rsgllp.com